PEOPLE ex rel. McEACHRON v. BASHFORD, County Treasurer.

(Supreme Court, Special Term, Monroe County. May 12, 1908.)

1. INTOXICATING LIQUORS—STATUTORY REGULATIONS—LOCAL OPTION LAWS.
    The Legislature has the power to pass local option laws.

2. SAME.
    The power of the Legislature to pass local option laws carries with it the right to fix a time when licenses shall cease in towns voting no license, and commence in towns voting in favor of license; and the Legislature may change such dates, unless the constitutional prohibition of laws impairing the obligation of contracts is violated thereby.

3. SAME.
    Liquor tax laws are enacted under the police power of the state.

4. STATUTES—CONSTRUCTION—ORDINARY MEANING OF WORDS.
    In construing a statute, its words must be given their plain and ordinary meaning.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Statutes, § 266.]

5. INTOXICATING LIQUORS—LIQUOR TAX CERTIFICATES—EXCISE YEAR.
    Laws 1908, p. 406, c. 144, in force April 21, 1908, amends the liquor tax law (Laws 1896, p. 45, c. 112) by changing the beginning of the excise year from May 1st to October 1st, and provides that the status at the time the local option vote was taken shall not be changed until October 1st following. A license town, at the biennial election in November, 1907, voted no license. Held that, since the right to certificates to traffic in' liquors in 'the town existed on the day of the election, it was not changed until October 1st following, and one applying for a local tax certificate was entitled thereto until October 1, 1908.

Certiorari by the people, on the relation of George E. McEachron, against James D. Bashford, as county treasurer of Wayne county, to compel the issuance of a liquor tax certificate. Certificate directed to be issued.

Order affirmed 112 N. Y. Supp. 1143.

E. H. Hamn, for petitioner.

Royal R. Scott, opposed.

CLARK, J. The relator, a resident of the town of Wolcott, Wayne county, applied to the treasurer of that county for a liquor tax certificate, tendering the legal fees for the same and presenting a proper bond. The treasurer refused to issue the certificate, not because there was any defect in any of the relator's papers or bond, but because the electors of the town of Wolcott at the election held in November, 1907, had voted for no license for that town; the proposition as to whether or not license should be issued in the town of Wolcott having been regularly submitted and voted upon at that election. The electors of the town of Wolcott had in 1905 voted in favor of license for said

town, and it was a license town in November, 1907, when the electors
voted no license.

Under the liquor tax law (Laws 1896, p. 45, c. 112) as it existed
prior to April 21, 1908, the excise year began May 1st, and ended
April 30th. On April 20, 1908, the Legislature passed an act (chap-
ter 144, p. 406, of the Laws of 1908) to amend the liquor tax law, and
that act became a law April 21, 1908, and by the terms of that act the
excise year begins October 1st and ends September 30th. There is,
therefore, a lapse of five months between the ending of the excise year
under the old law, April 30th, and the beginning of the excise year
under the new law, October 1st; and the question to be determined
here is whether or not a person who was entitled to and had a liquor
tax certificate prior to May 1, 1908, is entitled to traffic in liquors until
the beginning of the new excise year, October 1, 1908, even though the
electors of his town had voted no license at the town meeting held in
November, 1907. In other words, the question is whether the relator
is entitled to a liquor tax certificate in the town of Wolcott, Wayne
county, N. Y., for the five months commencing May 1, 1908, and end-
ing September 30th in the same year; his town having gone no license
in November, 1907.

There is no dispute but that the electors of the town of Wolcott, by
a vote properly taken in 1907, voted no license; but the contention
of the relator is that by the amended liquor tax law (chapter 144, p.
406, Laws of 1908) the excise year was extended, and that he is en-
titled to a certificate authorizing him to traffic in liquors in the town
of Wolcott by the terms of the statute, even though the electors of
the town of Wolcott had voted no license at the town meeting held in
November, 1907. There can be no doubt that the Legislature has the
power to pass what are known as "local option laws." Having the
right to pass local option laws carries with it the right to fix a time
when licenses shall cease in a town which has voted against the grant-
ing of liquor licenses. The Legislature having the right to fix the
date on which the sale of liquors shall commence in towns which have
voted in favor of license, and also the right to fix the date on which
the sale of liquors shall cease in towns which have voted against li-
cense, it necessarily follows that the Legislature has the power to
change these dates unless by so doing the constitutional provision
which forbids the passing of laws impairing the obligation of contracts
is violated, which appears not to be the case, for liquor tax laws are
enacted under what is known as the "police powers" of the state.

The town of Wolcott, having been a license town on the day of the
biennial town election, held in November, 1907, remains such until the
date upon which liquor tax certificates may not be lawfully issued for
the traffic in liquor within its boundaries. Prior to the passage of
chapter 144, p. 406, of the Laws of 1908, that date was the 1st day
of May; but that law substituted October 1st for May 1st as the be-
ginning of the excise year. This it clearly had a right to do. There
is no contention of the part of the learned counsel opposing this ap-
plication that the Legislature did not possess the right to change the
date on which the excise year should begin, and, it having that right,

it would seem to follow necessarily that the relator, having complied with all the required formalities, is entitled to have a liquor tax certificate issued to him, for the reason that the town of Wolcott, in which he desired a license to traffic in liquors, was a license town, so called, by reason of the vote of its electors in November, 1905, and it remained such until the date fixed by the Legislature as the time for it to become a no license town as a result of the election of 1907, viz., October 1, 1908; that date having been substituted in place of May 1st as the beginning of the excise year by chapter 144, p. 406, of the Laws of 1908, which became a law April 21st of this year.

It may be that it was not the legislative intent, by the passage of chapter 144, p. 406, of the Laws of 1908, to allow liquor to be sold from May, 1908, to October, 1908, in those towns which substituted the no license for the license system at the biennial town meeting held in November, 1907; but I am unable to find anything in that act which indicates that it was not the intention of the Legislature to substitute October 1st for May 1st as the date on which the will of the voters of any town which changed its liquor policy at the November, 1907, election should go into effect. Indeed, the amended liquor tax law itself would seem to indicate that it was the legislative intent to continue the status existing at the time such vote was taken until the 1st day of October, instead of the 1st day of May. The act expressly provides (section 16):

"The status existing at the time such vote is taken upon questions submitted shall not be changed until the 1st day of October following next thereafter, prior to which time [October] such vote shall neither authorize the issuance of liquor tax certificates in accordance therewith, nor preclude the issuance of such certificates in accordance with the result of the preceding vote on such questions submitted, nor shorten the term for which any liquor tax certificate may have been lawfully issued, nor affect the rights of any person thereunder."

I believe that the law as it existed at the time the relator applied for his liquor tax certificate, May 1, 1908, must be controlling here. The status existing in the town of Wolcott on the 5th day of November, 1907, when the last vote was taken, was that the right to certificates to traffic in liquors in that town existed, and under the express provision of the amended liquor tax law (chapter 144, p. 406, of the Laws of 1908) that status did not and does not change until the 1st day of October, 1908. In construing a statute the words thereof must be given their plain and ordinary meaning, and the reading of the statute itself leads to the conclusion that a vote taken on November 5, 1907, either for or against license, did not affect the status of the town in which it was taken in regard to the sale of liquors until the 1st day of October. I am satisfied that under the amended liquor tax law in towns where traffic in liquors was or could be lawfully carried on prior to the election held in November, 1907, such traffic may be continued until October 1, 1908, provided the applicant for a liquor tax certificate for the additional time between May 1st and October 1st makes application therefor as required by the terms of the liquor tax law.

No question having been raised as to the regularity and sufficiency of the application, bond, etc., I think that the liquor tax law as it existed at the time the relator applied for his liquor tax certificate entitled him to such certificate authorizing him to do business under it until the beginning of the next excise year, to wit, October 1, 1908.

The treasurer of Wayne county is therefore hereby directed to issue to the relator a liquor tax certificate as applied for, authorizing him to traffic in liquors at the place and during the time as stated in the application.